PACIFIC TRADING CO. *v.* UNITED STATES (No. 3699)[1]

United States Court of Customs and Patent Appeals, April 23, 1934

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument February 13, 1934, by Mr. Folks; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, overruling the protest of appellant.

---

[1] T. D. 47078.

Merchandise, which, according to labels affixed to the cans in which it was imported, consists of beef, 2⅔ ounces, bamboo sprouts, 4 ounces, and seasoning, 2 ounces, was assessed for duty by the collector at the port of Los Angeles at 35 per centum ad valorem under the provision for "soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for," contained in paragraph 773 of the Tariff Act of 1922.

The importer protested claiming that the merchandise was dutiable as meats, prepared, at 20 per centum ad valorem under paragraph 706, or, alternatively, as a nonenumerated manufactured article, at 20 per centum ad valorem under paragraph 1459, of the Tariff Act of 1922.

On the trial in the court below, appellant abandoned its claim that the merchandise was dutiable under paragraph 706, and there relied, as it does here, on its claim that it was dutiable under paragraph 1459.

Paragraphs 773 and 1459 read:

PAR. 773. Vegetables, if cut, sliced, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; sauces of all kinds, not specially provided for; soya beans, prepared or preserved in any manner; bean stick, miso, bean cake, and similar products, not specially provided for; soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem.

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

On the trial before the Customs Court samples of the merchandise were introduced in evidence, and one witness, an experienced restaurant man, testified on behalf of appellant as to the common meaning of the terms "hash," "soup," etc.

No testimony was introduced by the Government.

The trial court seemed to be under a misapprehension as to the claim of appellant, for its decision states that appellant claimed classification under paragraph 706, and makes no reference to paragraph 1459, whereas the record shows that on the trial, and prior to the taking of testimony, appellant abandoned its claim under paragraph 706 and relied only upon paragraph 1459.

However, the trial court found that the involved merchandise was composed of vegetables and meat in a form similar to hash, and if its conclusion is correct, or if the merchandise is classifiable as hash, it is unimportant that the decision inadvertently failed to state correctly the claim of appellant.

The merchandise, which, it appears from the testimony and samples in evidence, consists of meat and bamboo sprouts, cooked, and season-

ing (each can contained a small quantity of a thin juice or gravy, which, although the record contains no information on the subject, probably was the seasoning referred to on the labels affixed to the cans), was described in the record as follows: "the vegetable   *  *  * is in slices mostly about ⅛″ thick and all sizes ranging from 2″ or 1½″ down to smaller pieces, and  *  *  *  the beef is in pieces ranging from about 2″ long by ½″ thick down to various smaller pieces."

Webster's New International Dictionary defines "hash" as follows:

That which is hashed or chopped up; meat and vegetables, esp., such as have been already cooked, chopped into small pieces and mixed.

In Funk & Wagnalls' Standard Dictionary we find the following definition of "hash":

1. That which is hashed; especially, a dish composed of meat,  *  *  *  cut or chopped to various degrees of fineness, and stewed or fried, often with potatoes, bread-crums, or the like.

In the Summary of Tariff Information, 1921, page 802, commenting on paragraph 773, we find the following:

*Descriptions and uses.*—This paragraph covers all prepared and preserved vegetables not elsewhere provided for. It embraces principally canned vegetables, but also those preserved in brine, oil, etc., and packed in kegs, boxes, and similar containers. It also provides for fancy food preparations of vegetables or of vegetables mixed with meat or fish.

We are in accord with the view of the trial court that the involved merchandise was properly classified by the collector. The meat and vegetables of which it is composed may be in somewhat larger pieces, and it may contain somewhat more moisture, than is usually contained in "hash", nevertheless, it so nearly approaches the meaning of that term, as defined by the lexicographers, as, in our opinion, to be at least similar in form within the meaning of the statute. It would be difficult to conceive of any "fancy food" product being in a form similar to hash, if the involved merchandise is not. The judgment is *affirmed.*